## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, Administrator of the Funds, )
                                      )
               Plaintiffs, )       Case No.: 13 cv 7138
    v. )
                                        )
MIDWEST BRICKPAVING, INC., an Illinois )
corporation, )
                                        )
               Defendant. )

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the

Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N.

Carollo, John Hamada, and Elizabeth Haley Douglass, and for their Complaint against Defendant

Midwest Brickpaving, Inc., state:

## COUNT I

### (Failure To Pay Benefit Contributions Revealed as Delinquent Pursuant to an Audit)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Midwest Brickpaving, Inc. (hereinafter "Company"), does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2010 ("Agreement"). (A copy of the Company's

2

Assignment of Collective Bargaining Rights executed by the Company which adopts and incorporates a Master Agreement between the Union and the Underground Contractors Association, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Midwest Construction Industry Advancement Fund (the "MCIAF"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), the Underground Contractors Association ("UCA"), and the Concrete Contractors Association of Greater Chicago ("CCA") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement, and the Funds' respective Agreements and Declarations of Trust, contributions

3

which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.     An audit of Company's books and records for the time period of June 1, 2010 through September 30, 2012 revealed that Company performed covered work during the audit period, but that notwithstanding the obligations imposed by the Agreement, and the Funds' respective Agreements and Declarations of Trust, Company has:

(a)     failed to report and pay contributions in the amount of $73,829.80 owed to Plaintiff Laborers' Pension Fund for the audit period of June 1, 2010 through September 30, 2012, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to report and pay contributions in the amount of $99,488.81 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of June 1, 2010 through September 30, 2012, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and

4

beneficiaries;

(c)     failed to report and pay contributions in the amount of $3,879.81 owed to

Laborers' Training Fund for the period of June 1, 2010 through September 30,

2012, thereby depriving the Laborers' Training Fund of contributions, income and

information needed to administer the Fund and jeopardizing the training fund

benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $847.38 owed to Laborers'

District Council Labor Management Committee Cooperative ("LDCLMCC") for

the audit period of June 1, 2010 through September 30, 2012, thereby depriving

the LDCLMCC of contributions, income and information needed to administer

the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $494.32 owed to CCA fund

for the audit of June 1, 2010 through September 30, 2012, thereby depriving the

MCIAF of contributions, income and information needed to administer the Fund

and jeopardizing the benefits of the participants and beneficiaries; and

(f)     failed to report and pay contributions in the amount of $564.92 owed to Laborers'

Employers' Cooperation and Education Trust ("LECET") for the audit of June 1,

2010 through September 30, 2012, thereby depriving the LECET of contributions,

income and information needed to administer the Fund and jeopardizing the

benefits of the participants and beneficiaries.

True and accurate copies of the audit and audit summary sheet are attached hereto as Exhibits B

and C respectively.

5

12.     Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions revealed by the audit for the period of June 1, 2010 through September 30, 2012.

13.     Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owed the Funds $1,260.00 in audit costs for the audit for the period of June 1, 2010 through September 30, 2012. See Exhibits B and C.

14.     Company's actions in failing to submit payment upon the audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Midwest Brickpaving, Inc.:

a.     entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of June 1, 2010 through September 30, 2012, including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

6

## COUNT II

### (Failure to Pay Union Dues Revealed as Delinquent Pursuant to an Audit)

16.     Plaintiffs reallege paragraphs 1 through 15 of Count I as though fully set forth herein.

17.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18.     Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period of June 1, 2010 through September 30, 2012, and Company failed to withhold and/or submit payment of $7,289.39 in union dues that were or should have been withheld from the wages of employees for the period of June 1, 2010 through September 30, 2012, thereby depriving the Union of information and income.  See Exhibit B.

19.     Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of June 1, 2010 through September 30, 2012, plus audit costs, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Midwest Brickpaving, Inc.:

a.     entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of June 1, 2010 through September 30, 2012, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and

costs; and

b.     awarding Plaintiffs any further legal and equitable relief as the Court deems
appropriate.

## COUNT III

### (Failure To Timely Pay Employee Benefit Contributions)

20.     Plaintiffs reallege paragraphs 1 through 15 of Count I as though fully set forth
herein.

21.     Notwithstanding the obligations imposed by the Agreement and the Funds'
respective Agreements and Declarations of Trust, the Company has performed covered work for
the months of July, 2013 forward but has:

(a)     failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for
the period of July, 2013 forward, thereby depriving the Laborers' Pension Fund of contributions,
income and information needed to administer the Fund and jeopardizing the pension benefits of
the participants and beneficiaries;

(b)     failed to submit reports and contribution to Plaintiff Laborers' Welfare Fund of
the Health and Welfare Department of the Construction and General Laborers' District Council
of Chicago and Vicinity for the period of July, 2013 forward, thereby depriving the Welfare Fund
of contributions, income and information needed to administer the Fund and jeopardizing the
health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and contributions to Laborers' Training Fund for the
period of July, 2013 forward, thereby depriving the Laborers' Training Fund of contributions,

income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)     failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of July, 2013 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)     failed to obtain and maintain a surety bond in accordance with the collective bargaining agreement to ensure payment of wages and fringes.

22.     Company submitted its October, 2012 benefits report and contributions late thereby incurring $2,518.99 in liquidated damages which remain owing.

23.     The Company's actions in failing to submit timely reports and contributions and obtain a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

24.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Midwest Brickpaving, Inc. as follows:

a.     ordering Defendant Company to submit benefits reports and contributions for the time period of July, 2013 forward;

b.      ordering Defendant Company to obtain and maintain a surety bond in accordance with the collective bargaining agreement;

c.      entering judgment in sum certain against Defendant Company on the amounts due and owing pursuant to the amounts pleaded in Count III, the July, 2013 forward reports, if any, including contributions, interest, liquidated damages, and attorneys' fees and costs; and

d.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Submit Reports and Pay Union Dues)

25.     Plaintiffs reallege paragraphs 1 through 15 of Count I.

26.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

27.     Dues reports and contributions are due by the 10th day following the month in which the work was performed. Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

28.     Notwithstanding the obligations imposed by the Agreement, Company has performed covered work during the months of July, 2013 forward and has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from

the wages of its employees for the period of July, 2013 forward, thereby depriving the Union of income and information.

29.     Pursuant to the Agreement, Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Midwest Brickpaving, Inc.:

a.     ordering Company to submit its July, 2013 forward reports and contributions;

b.     entering judgment in sum certain against Company on the amounts due and owing and pleaded in Count IV and pursuant to the reports to be submitted, if any, including dues contributions, liquidated damages, audit costs, and attorneys' fees and costs; and

c.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

October 3, 2013                                    Laborers' Pension Fund, et al.

                                                   By: /s/ Jerrod Olszewski

Jerrod Olszewski
Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson, Suite 1415
Chicago, IL  60604
(312) 692-1540

Rx Date/Time    JUL-17-2003(THU)   17:13    6306558853             P.001
JUL.17'2003 17:07 6306558853          Laborers District Council      #7768 P.001/002



# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO
101 BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8653

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between _____ Midwest Fabricators, Inc. _____ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 76, 79, 96, 118, 149, 152, 225, 288, 269, 582, 681, 1001, 1006, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. Recognition. The Employer, in response to the Union's request for recognition as the majority 9(a) representative of its Laborer employees, and the Union's offer to show evidence of its majority support, hereby recognizes the Union under Section 9(a) of the Act as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment without the need for a Board certified election. The Employer had not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily agrees not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension thereof, without written approval from the Union. The Employer shall abide by this Agreement, and extensions hereof, provided that it employs at least one Laborer per year.

2. Labor Contract. The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, B.D.C.K.V.C.A.W.C.C., the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, the Fox Valley General Contractors Association, the Chicago Area Independent Construction Association, and the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Area Fast Contractors Association, the Chicago Steelmaking Association, and all other employer associations with whom the Union or its affiliated Local Unions has an agreement. If the applicable collective bargaining agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a new agreement has been negotiated, which shall be incorporated retroactively herein. It is further agreed that where the Employer works within the geographic jurisdiction of the Union's affiliated Local Unions that have negotiated an association agreement effective within the Local Union's jurisdiction, then the Local Union agreement is hereby specifically incorporated into this Agreement and shall supersede the area-wide standard association agreements within the totality for which it is negotiated in the case of any conflict between them. Notwithstanding the foregoing, the Agreement supersedes all ancillary terms in either the Local Union or area-wide association agreements.

3. Dues Checkoff. The Employer shall deduct from the wages of employees uniform working dues in the amount of 1.8% of gross wages, or such other amount as directed by the Union, and shall remit monthly to the designated Union office like sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employee's individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which paid deductions were made. It is the parties' intention that these deductions comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which shall not be irrevocable for a period of more than one year or beyond the termination date of the labor agreement, whichever occurs sooner.

4. Work Jurisdiction. This Agreement covers all work within the Union's work jurisdiction as set forth in the Union's Statement of Jurisdiction, receipt of which is hereby acknowledged, and as amended by the Union from time to time. The Statement of Jurisdiction is incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of this assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union. The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure or other work and coming within the above-described jurisdiction of the Union to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. When the Employer contracts out or sublets any of the work coming within the above-described jurisdiction of the Union, it shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

5. Fringe Benefits. The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust ("LECET"), and to all other designated Union-affiliated benefit and labor-management funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as it it had signed the original copies of the Trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their successor Trustees, carry out the terms and conditions of the Trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the Trust Agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. Upon written notice to the Employer, the Union may increase the minimum surety bond to an amount not exceeding one hundred thousand dollars where necessary to ensure Employer compliance with its obligations.

6. Where Laborers covered by this Agreement perform work outside the Chicago area, the Employer shall, if covered under a local LIUNA-affiliated labor agreement in the area, contribute to the local fringe benefit funds in the amounts set forth in the local agreement. Otherwise, it shall remit all fringe benefit fund contributions in the amounts and to the funds as required under this Agreement.

7. Wages and Industry Funds. The Employer shall pay all the negotiated hourly wages, fringe benefit and industry fund contributions as is bound to pay under the applicable Collective Bargaining Agreements, including, where applicable, contributions to the Chicago-Area LECET and designated labor-management and industry advancement funds, except that no contributions shall be made to MCIAF unless consented to and upon written direction from the Union. All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2001 shall be incorporated into this Agreement. The Union expressly reserves its sole right to allocate and apportion such annual total economic increase.

8. Contract Enforcement. All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withhold its members because of non-payment or underpayment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues checkoff to the Union, subcontracting in violation hereof, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other lawful and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures, where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at its job site.

9. Successors. In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph. The Union may strike to enforce the terms hereof.

10. Termination. This Agreement shall remain in full force and effect from June 1, 2001 (unless dated differently below) through May 31, 2006, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area-wide negotiated agreements with the various Associations incorporating there into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given as provided above.

11. Execution. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreements.

Dated: _June 16_, 20 _03_.

ACCEPTED:                                            _Midwest Fabricators, Inc._
Laborers' Local Union No. _118_                      (Company)

By: _____                      FEIN No.: _____

CONSTRUCTION AND GENERAL LABORERS'                   By: _Jack Fleming — President_
DISTRICT COUNCIL OF CHICAGO AND VICINITY                 (Print Name and Title)

By: _____Frank Riley_____                            _____
Frank Riley, President and Secy/Mary-Treas.              (Signature)

By: _____                            _18859   Stapleton   Rd._
James F. Connolly, Business Manager                     (Address)

For Office Use Only:     CCA*                          _Anston,   Ill.   6002_
                                                         (City, State and Zip Code)

                                                      _847 - 931 - 6550_
                                                         (Telephone/Telefax)

WHITE - LOCAL UNION  •  CANARY - TRUST FUND  •  PINK - DISTRICT COUNCIL  •  GOLD - EMPLOYER



EXHIBIT
A

Rx Date/Time      JUL-17-2003(THU)   17:13        6306558853                    P. 002
JUL. 17'2003 17:08 6306558853        Laborers District Council        #3768 P.002/002

## BRICK PAVERS ADDENDUM

The wages, benefits and other terms and conditions of employment set forth in the Independent Construction Industry Agreement and area-wide agreements incorporated therein shall apply to all commercial brick paving work. These terms and conditions shall also apply to all residential brick paving work except as modified below.

For purposes of this agreement, residential work shall be brick paving for single-family detached residences, or residential developments involving no more than five (5) single-family detached residences, and maintenance of existing brick paving not subject to any prevailing wage statute or ordinance, including but not limited to the Illinois Prevailing Wage Act and the Davis-Bacon Act. All other brick paving work shall be compensated as commercial work. Residential work shall not, under any circumstances, include work that is subject to any prevailing wage statute or ordinance as defined above.

Employees performing residential work as defined by this Addendum shall be classified as Residential Improvers and shall be compensated at not less than the hourly wage rates set forth below, but they shall not participate in any fringe benefits fund:

| Effective Date | Execution | June 1, 2003 | June 1, 2004 |
|---|---|---|---|
| New Hire | $8.70 | $9.20 | $9.80 |
| After 500 Hours | $9.20 | $9.75 | $10.30 |
| Foreman | $14.20 | $14.75 | $15.30 |

The foregoing rates are minimums. No employee earning more than the foregoing rates as of the date of execution of this Addendum shall suffer a reduction in wage rates after execution of this Addendum.

The contractor shall deduct working dues from the wages of employees performing residential work as defined by this Addendum in the amount of twenty cents ($.20) per hour for each hour worked or such other amount as determined by the Union.

The contractor is responsible for maintaining daily logs showing all hours worked on residential work and commercial work, and all employees covered by this Addendum shall sign the daily log for residential work and commercial work showing the address(es) of the project(s). The contractor shall immediately produce these logs and all permits and drawings upon the Union's request to verify the nature of the work. All work that is not appropriately documented as set forth in this paragraph shall be deemed and compensated as commercial work.

If the contractor violates any provision of this Addendum, it shall pay one thousand dollars ($1,000) per violation per day to persons or funds as determined by the Union.

The contractor acknowledges and accepts the facsimile signatures on this Addendum as if they were the original signatures.

Dated: June 16 , 20 03

ACCEPTED:
Laborers' Local Union No. ___
By: _____
CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL IN CHICAGO AND VICINITY
By: _____
    Frank Riley, President & Secretary Treas.
By: _____
    James P. Connolly, Business Manager

For Office Use Only: _____

MIDWEST BRICKPAVING, INC.
(Employer)
FEIN No.: _____
By: Jack Certain - President
    (Print Name and Title)
    _____
    (Signature)
1850 Centerline Rd.
    (Address)
Antioch , IL , 60008
    (City, State and Zip Code)
847- 772- 6990
    (Telephone/Telefax)

# RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 591
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910

May 7, 2013

Board of Trustees of the Various
Fringe Benefit Funds of the
Laborers Pension & Welfare Funds

RE: Midwest Brick Paving Inc. (33938)

We have performed a fringe benefit contribution compliance audit of Midwest
Brick Paving Inc., for the period from June 1, 2010 through September 30, 2012.
The audit encompassed the comparison of individual earnings records to certain
payroll tax and fund reports and a review of the general disbursement records.

The comparison and review indicate that the employer has not complied with its
fringe benefit contribution requirements and owes the following amounts:

| FUND | AMOUNT |
|------|--------|
| WELFARE | $ 99,488.81 |
| PENSOIN | 73,829.80 |
| TRAINING | 3,879.82 |
| CCA/IAF | 494.32 |
| LECET | 564.92 |
| LMCC | 847.38 |
| DUES | 7,289.39 |
| Sub Total | $186,394.44 |
| Plus previous late charges assessed by Laborers' Pension & Welfare Funds | 2,518.99 |
| TOTAL | $188,913.43 |

In addition, the employer could not provide proof of a current wage and fringe benefit bond.

RICHARD J. WOLF AND COMPANY, INC.


EXHIBIT
B

5/7/2013

**LABORERS DISTRICT COUNCIL OF CHICAGO -'CCA ASSOCIATION RATES**

**MIDWEST BRICK PAVING INC.  # 33938**

**ADDITIONAL HOURS and/or WORK DUES   6/10 - 5/11**

YEAR: 6/10 to 5/11

| S. S. # | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov (lkl) | Dec (lkl) | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALVAREZ, JUAN xxx-xx-xxxx | | Hours | - | - | - | - | 112.50 | 194.25 | | - | - | - | | - | 306.75 |
| | | Gross $ | $ | $ | $ | $ | | | | $ | $ | $ | $ | $ | |
| ALVAREZ, SALVADOR xxx-xx-xxxx | $ | Hours | - | - | - | - | 90.00 | 172.00 | | - | - | - | | - | 262.00 |
| | | Gross $ | $ | $ | $ | $ | 3,980.00 | 6,837.50 | 172.00 | $ | $ | $ | $ | $ | $ 10,797.50 |
| CHAVEZ, FELIPE xxx-xx-xxxx | $ | Hours | - | - | - | - | 75.00 | 209.75 | | - | - | - | | - | 291.25 |
| | | Gross $ | $ | $ | $ | $ | 3,168.00 | 6,054.40 | 209.75 | $ | $ | $ | $ | $ | $ 9,222.40 |
| CONTRERAS, FRANCISCO xxx-xx-xxxx | $ | Hours | - | - | - | - | 11.50 | 222.00 | | - | - | - | | - | 233.50 |
| | | Gross $ | $ | $ | $ | $ | 454.80 | 7,383.20 | 222.00 | $ | $ | $ | $ | $ | $ 7,788.00 |
| ESPINOZA, IGNACIO xxx-xx-xxxx | $ | Hours | - | - | - | - | | 71.50 | | - | - | - | | - | 71.50 |
| | | Gross $ | $ | $ | $ | $ | 404.80 | 7,814.40 | 71.50 | $ | $ | $ | $ | $ | $ 8,219.20 |
| GALLEGOS, MIGUEL xxx-xx-xxxx | $ | Hours | - | - | - | - | | 220.25 | | - | - | - | | - | 220.25 |
| | | Gross $ | $ | $ | $ | $ | 2,516.80 | 220.25 | | $ | $ | $ | $ | $ | $ 2,516.80 |
| MADRIGAL, FELIPE xxx-xx-xxxx | $ | Hours | - | - | - | - | 7.00 | 211.00 | | - | - | - | | - | 218.00 |
| | | Gross $ | $ | $ | $ | $ | | 7,752.50 | 211.60 | $ | $ | $ | $ | $ | $ 7,752.50 |
| MADRIGAL, RAMON xxx-xx-xxxx | $ | Hours | - | - | - | - | 73.50 | 224.25 | | - | - | - | | - | 297.75 |
| | | Gross $ | $ | $ | $ | $ | 246.40 | 7,427.20 | 224.75 | $ | $ | $ | $ | $ | $ 7,673.60 |
| OREGEL, ISRAEL xxx-xx-xxxx | $ | Hours | - | - | - | - | 4.50 | 236.50 | | - | - | - | | - | 241.00 |
| | | Gross $ | $ | $ | $ | $ | 2,587.20 | 7,893.60 | 236.50 | $ | $ | $ | $ | $ | $ 10,480.80 |
| OSEGUERA, CARLOS xxx-xx-xxxx | $ | Hours | - | - | - | - | 76.50 | 229.75 | | - | - | - | | - | 306.25 |
| | | Gross $ | $ | $ | $ | $ | 154.40 | 3,324.80 | 229.75 | $ | $ | $ | $ | $ | $ 8,483.20 |
| VILLAFAN, JOSE xxx-xx-xxxx | $ | Hours | - | - | - | - | 58.00 | 151.25 | | - | - | - | | - | 209.25 |
| | | Gross $ | $ | $ | $ | $ | 2,592.80 | 8,087.20 | 151.25 | $ | $ | $ | $ | $ | $ 10,789.00 |
| **TOTAL HOURS** | | | - | - | - | - | 2,041.60 | 5,324.00 | | - | - | - | | - | 2,504.70 |
| **TOTAL GROSS $** | | | $ | $ | $ | $ | 446.00 | 15,594.00 | 75,415.90 | $ | $ | $ | $ | $ | $ 91,079.90 |

Amount Due To Funds:

| | | Jun | Jul | Aug | Sep | Oct | Nov (lkl) | Dec (lkl) | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | | | | | | | | | | | | | | $ 3,277.44.73 |
| PENSION | | | | | | | | | | | | | | $ 25,174.88 |
| TRAINING | | | | | | | | | | | | | | $ 1,164.33 |
| CCA/AAF | | | | | | | | | | | | | | 181.13 |
| LECET | | | | | | | | | | | | | | 207.00 |
| LMCC | | | | | | | | | | | | | | 310.55 |
| DUES | | | | | | | | | | | | | | 2,504.70 |
| **TOTAL** | | | | | | | 2,587.50 | 2,142.50 | 5,324.00 | | | | | | $ 34,047.72 |

Rates

| | 6/10 | to | 5/11 |
|---|---|---|---|
| WELFARE | 10.63 | LECET | 0.08 |
| PENSION | 8.57 | LMCC | 0.12 |
| TRAINING | 0.48 | DUES | 2.75% |
| CCA/AAF | 0.07 | | |

5/7/2013
AN0

**LABORERS' DISTRICT COUNCIL OF CHICAGO - CCA ASSOCIATION RATES**

**MIDWEST BRICK PAVING INC.  # 33538**

*ADDITIONAL PENSION, WELFARE & TRAINING HOURS  6/11 - 5/12*

YEAR:  6/11  to  5/12

| S. S. # | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALVAREZ, JUAN xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 102.50 | - | - | - | - | 41.50 | 144.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| ALVAREZ, SALVADOR xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 99.50 | - | - | - | - | 29.50 | 129.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| CHAVEZ, FELIPE xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 126.00 | - | - | - | - | 56.50 | 182.50 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| CONTRERAS, FRANCISCO xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 24.00 | - | - | - | - | 15.00 | 39.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| CONTRERAS, JOSE xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 54.00 | - | - | - | - | 55.50 | 109.50 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| ESPINOZA, IGNACIO xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 98.00 | - | - | - | - | 7.00 | 105.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| GALLEGOS, MIGUEL xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 118.00 | - | - | - | - | 44.50 | 162.50 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| MADRIGAL, FELIPE xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 90.00 | - | - | - | - | 47.50 | 137.50 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| MCKEE, CRAIG xxx-xx-xxxx | # | Hours | 40.00 | 40.00 | 80.00 | 40.00 | 40.00 | 80.00 | 80.00 | 160.00 | 160.00 | 40.00 | 160.00 | 40.00 | 960.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| OREGEL, ISRAEL xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 89.50 | - | - | - | - | 41.50 | 131.00 |
| | | Gross $ | - | - | - | - | - | - | - | - | - | - | - | - | $ - |

5/7/2013
AMD

## LABORERS DISTRICT COUNCIL OF CHICAGO - CCA ASSOCIATION RATES
### MIDWEST BRICK PAVING INC.   # 33938
#### ADDITIONAL PENSION, WELFARE & TRAINING HOURS  6/11 - 5/12

YEAR:  6/11  to  5/12

| S.S. # | Flags # | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OSEGUERA, CARLOS XXX-XX-XXXX | | Hours | | | | | | 106.00 | | | | | | 51.50 | 157.50 |
| | | Gross $ | $ | $ | $ | $ | $ | | | $ | $ | $ | $ | $ | $ |
| PATLAN, ENRIQUE XXX-XX-XXXX | # | Hours | | | | | | | 104.50 | | | | | | 104.50 |
| | | Gross $ | $ | $ | $ | $ | $ | | | $ | $ | $ | $ | $ | $ |
| VILLAFAN, JOSE XXX-XX-XXXX | # | Hours | | | | | | | 64.50 | | | | | 41.50 | 106.00 |
| | | Gross $ | $ | $ | $ | $ | $ | | | $ | $ | $ | $ | $ | $ |
| **TOTAL HOURS** | | | 40.00 | 40.00 | 80.00 | 40.00 | 40.00 | 80.00 | 1,156.50 | 160.00 | 160.00 | 40.00 | 160.00 | 471.50 | 2,468.00 |
| **TOTAL GROSS $** | | | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |

**Amount Due To Funds:**

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ 487.20 | $ 487.20 | $ 974.40 | $ 487.20 | $ 487.20 | $ 974.40 | $ 14,086.17 | $ 1,948.80 | $ 1,948.80 | $ 487.20 | $ 1,948.80 | $ 5,742.87 | $ 30,060.24 |
| PENSION | $ 352.80 | $ 352.80 | $ 705.60 | $ 352.80 | $ 352.80 | $ 705.60 | $ 10,200.33 | $ 1,411.20 | $ 1,411.20 | $ 352.80 | $ 1,411.20 | $ 4,158.63 | $ 21,767.76 |
| TRAINING | $ 18.00 | $ 18.00 | $ 36.00 | $ 18.00 | $ 18.00 | $ 36.00 | $ 520.43 | $ 72.00 | $ 72.00 | $ 18.00 | $ 72.00 | $ 212.18 | $ 1,110.61 |
| **TOTAL** | $ 858.00 | $ 858.00 | $ 1,716.00 | $ 858.00 | $ 858.00 | $ 1,716.00 | $ 24,806.93 | $ 3,432.00 | $ 3,432.00 | $ 858.00 | $ 3,432.00 | $ 10,113.68 | $ 52,938.61 |

| Rates: | 6/1/11 | to | 5/31/12 |
|---|---|---|---|
| WELFARE | 12.18 | LECET | |
| PENSION | 8.82 | LMCC | |
| TRAINING | 0.45 | DUES | |
| CCA/AF | | | |

5/7/2013
abc

**LABORERS' DISTRICT COUNCIL OF CHICAGO -"CCA ASSOCIATION RATES**

**MIDWEST BRICK PAVING INC.  # 33938**

*ADDITIONAL CCA/AF, LECET & LMCC HOURS and/or WORK DUES  6/11 to 5/12*

**YEAR:  6/11  to  5/12**

| S. S. # | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALVAREZ, JUAN xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 21.00 | - | - | - | - | - | 21.00 |
|  |  | Gross $ | - | - | - | - | - | - | 739.20 | - | - | - | - | - | $ 739.20 |
| ALVAREZ, SALVADOR xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 21.00 | - | - | - | - | - | 21.00 |
|  |  | Gross $ | - | - | - | - | - | - | 739.20 | - | - | - | - | - | $ 739.20 |
| CHAVEZ, FELIPE xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 8.00 | - | - | - | - | - | 8.00 |
|  |  | Gross $ | - | - | - | - | - | - | 281.60 | - | - | - | - | - | $ 281.60 |
| CONTRERAS, FRANCISCO xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 6.00 | - | - | - | - | - | 6.00 |
|  |  | Gross $ | - | - | - | - | - | - | 211.20 | - | - | - | - | - | $ 211.20 |
| ESPINOZA, IGNACIO xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 32.00 | - | - | - | - | - | 32.00 |
|  |  | Gross $ | - | - | - | - | - | - | 1,126.40 | - | - | - | - | - | $ 1,126.40 |
| MADRIGAL, FELIPE xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 22.00 | - | - | - | - | - | 22.00 |
|  |  | Gross $ | - | - | - | - | - | - | 774.40 | - | - | - | - | - | $ 774.40 |
| MCKEE, CRAIG xxx-xx-xxxx | # | Hours | 40.00 | 40.00 | 80.00 | 40.00 | 40.00 | 80.00 | 80.00 | 160.00 | 160.00 | 40.00 | 160.00 | 40.00 | 960.00 |
|  |  | Gross $ | 1,408.00 | 1,408.00 | 2,816.00 | 1,408.00 | 1,408.00 | 2,816.00 | 2,816.00 | 5,632.00 | 5,632.00 | 1,408.00 | 5,632.00 | 1,408.00 | $ 33,792.00 |
| OREGEL, ISRAEL xxx-xx-xxxx | # | Hours | - | - | - | - | - | - | 14.00 | - | - | - | - | - | 14.00 |
|  |  | Gross $ | - | - | - | - | - | - | 492.80 | - | - | - | - | - | $ 492.80 |

5/7/2013
AJG

**LABORERS DISTRICT COUNCIL OF CHICAGO - "CCA ASSOCIATION RATES**
**MIDWEST BRICK PAVING INC. # 33936**
**ADDITIONAL CCA/AF, LECET & LMCC HOURS and/or WORK DUES 6/11 to 5/12**

YEAR: 6/11 to 5/12

| S. S. # | Flags # | Type | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OSEGUERA, CARLOS XXX-XX-XXXX | | Hours | | - | - | - | - | - | - | 6.00 | - | - | - | - | - | 6.00 |
| | | Gross $ | | - | - | - | - | - | - | | - | - | - | - | - | |
| PATLAN, ENRIQUE XXX-XX-XXXX | # | Hours | | - | - | - | - | - | 211.20 41.00 | | - | - | - | - | - | 211.20 41.00 |
| | | Gross $ | | - | - | - | - | - | 1,443.20 | | - | - | - | - | - | $ 1,443.20 |

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **TOTAL HOURS** | 40.00 | 40.00 | 80.00 | 40.00 | 40.00 | 80.00 | 251.00 | 160.00 | 160.00 | 40.00 | 160.00 | 40.00 | 1,131.00 |
| **TOTAL GROSS $** | $1,408.00 | $1,408.00 | $2,816.00 | $1,408.00 | $1,408.00 | $2,816.00 | $8,835.20 | $5,632.00 | $5,632.00 | $1,408.00 | $5,632.00 | $1,408.00 | $39,811.20 |

**Amount Due To Funds:**

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CCA/AF | $ 2.80 | $ 2.80 | $ 5.60 | $ 2.80 | $ 2.80 | $ 5.60 | $ 17.57 | $ 11.20 | $ 11.20 | $ 2.80 | $ 11.20 | $ 2.80 | $ 79.17 |
| LECET | $ 3.20 | $ 3.20 | $ 6.40 | $ 3.20 | $ 3.20 | $ 6.40 | $ 20.08 | $ 12.80 | $ 12.80 | $ 3.20 | $ 12.80 | $ 3.20 | $ 90.48 |
| LMCC | $ 4.80 | $ 4.80 | $ 9.60 | $ 4.80 | $ 4.80 | $ 9.60 | $ 30.12 | $ 19.20 | $ 19.20 | $ 4.80 | $ 19.20 | $ 4.80 | $ 135.72 |
| DUES | $ 38.72 | $ 38.72 | $ 77.44 | $ 38.72 | $ 38.72 | $ 77.44 | $ 242.97 | $ 154.88 | $ 154.88 | $ 38.72 | $ 154.88 | $ 38.72 | $ 1,094.81 |
| **TOTAL** | $ 49.52 | $ 49.52 | $ 99.04 | $ 49.52 | $ 49.52 | $ 99.04 | $ 310.74 | $ 198.08 | $ 198.08 | $ 49.52 | $ 198.08 | $ 49.52 | $ 1,400.18 |

| Rates | 6/11 | to | 5/31/12 | |
|---|---|---|---|---|
| WELFARE | | LECET | 0.08 | |
| PENSION | | LMCC | 0.12 | |
| TRAINING | | DUES | 2.75% | |
| CCA/AF | 0.07 | | | |

LABORERS' DISTRICT COUNCIL OF CHICAGO - "CCA ASSOCIATION RATES

MIDWEST BRICK PAVING INC.  # 33938

**YEAR: 6/11 to 5/12**

ADDITIONAL HOURS and/or WORK DUES   6/11 to 5/12

| S.S.# | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov(IA) | Dec (MI) | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALVAREZ, JUAN xxx-xx-xxxx | # | Hours | | | | | | 121.00 | -66.00 | | | | | | 167.50 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 4,258.20 | 1,619.20 | $ - | $ - | $ - | $ - | $ - | $ 5,878.40 |
| ALVAREZ, SALVADOR xxx-xx-xxxx | # | Hours | | | | | | 121.00 | 50.00 | | | | | | 171.00 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 4,259.20 | 1,760.00 | $ - | $ - | $ - | $ - | $ - | $ 6,019.20 |
| CHAVEZ, FELIPE xxx-xx-xxxx | # | Hours | | | | | | | 50.00 | | | | | | 153.00 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 135.00 | 50.00 | $ - | $ - | $ - | $ - | $ - | $ 153.00 |
| CONTRERAS, FRANCISCO xxx-xx-xxxx | # | Hours | | | | | | 3,625.60 | 1,760.00 | | | | | | 3,385.60 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 3,625.60 | 1,760.00 | $ - | $ - | $ - | $ - | $ - | $ 5,385.60 |
| ESPINOZA, IGNACIO xxx-xx-xxxx | # | Hours | | | | | | 11.50 | | | | | | | 11.50 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 4,008.00 | | $ - | $ - | $ - | $ - | $ - | $ 4,046.00 |
| GALLEGOS, MIGUEL xxx-xx-xxxx | # | Hours | | | | | | 87.00 | | | | | | | 97.00 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 3,414.40 | | $ - | $ - | $ - | $ - | $ - | $ 3,414.40 |
| | | Hours | | | | | | 94.00 | | | | | | | 94.00 |
| MADRIGAL, FELIPE xxx-xx-xxxx | # | Gross $ | $ - | $ - | $ - | $ - | $ - | 3,308.80 | | $ - | $ - | $ - | $ - | $ - | $ 3,308.80 |
| | | Hours | | | | | | 145.50 | | | | | | | 145.50 |
| OREGEL, ISRAEL xxx-xx-xxxx | # | Gross $ | $ - | $ - | $ - | $ - | $ - | 5,121.60 | | $ - | $ - | $ - | $ - | $ - | $ 5,121.60 |
| | | Hours | | | | | | 145.50 | | | | | | | 145.50 |
| OSEGUERA, CARLOS xxx-xx-xxxx | # | Gross $ | $ - | $ - | $ - | $ - | $ - | 5,121.60 | | $ - | $ - | $ - | $ - | $ - | $ 5,121.60 |
| | | Hours | | | | | | 120.00 | -66.00 | | | | | | 160.00 |
| VILLAFAN, JOSE xxx-xx-xxxx | # | Gross $ | $ - | $ - | $ - | $ - | $ - | 4,224.00 | 1,619.20 | $ - | $ - | $ - | $ - | $ - | $ 5,843.20 |
| | | Hours | | | | | | 137.00 | -66.00 | | | | | | 163.00 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 4,822.40 | 1,619.20 | $ - | $ - | $ - | $ - | $ - | $ 6,441.60 |
| **TOTAL HOURS** | | | - | - | - | - | - | 1,035.50 | 238.00 | | | | | | 1,333.50 |
| **TOTAL GROSS $** | | | $ - | $ - | $ - | $ - | $ - | $ 42,204.80 | $ 8,377.80 | $ - | | | | | $ 50,582.40 |

Amount Due To Funds:

| | Jun | Jul | Aug | Sep | Oct | Nov(IA) | Dec (MI) | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ - | $ - | $ - | 12,343.19 | 2,898.84 | $ - | $ - | $ - | $ - | $ - | $ 115,242.03 |
| PENSION | $ - | $ - | $ - | $ - | $ - | 9,052.31 | 2,099.16 | $ - | $ - | $ - | $ - | $ - | $ 11,151.47 |
| TRAINING | $ - | $ - | $ - | $ - | $ - | 492.98 | 107.10 | $ - | $ - | $ - | $ - | $ - | $ 600.08 |
| CCA/AF | $ - | $ - | $ - | $ - | $ - | 76.69 | 16.66 | $ - | $ - | $ - | $ - | $ - | $ 93.35 |
| LECET | $ - | $ - | $ - | $ - | $ - | 87.64 | 19.04 | $ - | $ - | $ - | $ - | $ - | $ 106.68 |
| LMCC | $ - | $ - | $ - | $ - | $ - | 131.46 | 28.56 | $ - | $ - | $ - | $ - | $ - | $ 160.02 |
| DUES | $ - | $ - | $ - | $ - | $ - | 1,160.63 | 230.38 | $ - | $ - | $ - | $ - | $ - | $ 1,390.01 |
| **TOTAL** | $ - | $ - | $ - | $ - | $ - | $ 24,544.90 | $ 5,399.74 | $ - | $ - | $ - | $ - | $ - | $ 129,354.64 |

Rates:

| | 6/1/11 | to | 5/31/12 |
|---|---|---|---|
| WELFARE | 12.15 | LECET | 0.03 |
| PENSION | 8.82 | LMCC | 0.12 |
| TRAINING | 0.48 | DUES | 2.75% |
| CCA/AF | 0.07 | | |

5/7/2013
arc

5/7/2013
edc

## LABORERS' DISTRICT COUNCIL OF CHICAGO - CCA ASSOCIATION RATES
## MIDWEST BRICK PAVING INC.   # 33538

**YEAR: 6/12 to 5/13**

**ADDITIONAL HOURS and/or WORK DUES   6/12 to 5/13**

| S.S. # | Flags | Type | Jun | Jul | Aug (DA) | Sep (WD) | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALVAREZ, JUAN xxx-xx-xxxx | # | Hours | - | - | 231.00 | 53.50 | - | - | - | - | - | - | - | - | 284.50 |
| | | Gross $ | $ - | $ - | $ 8,131.20 | $ 1,883.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 10,014.40 |
| ALVAREZ, SALVADOR xxx-xx-xxxx | ## | Hours | - | - | 224.00 | 45.50 | - | - | - | - | - | - | - | - | 269.50 |
| | | Gross $ | $ - | $ - | $ 7,884.80 | $ 1,601.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 9,486.40 |
| CHAVEZ, FELIPE xxx-xx-xxxx | # | Hours | - | - | 141.50 | 8.00 | - | - | - | - | - | - | - | - | 149.50 |
| | | Gross $ | $ - | $ - | $ 4,970.80 | $ 281.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 5,252.40 |
| CONTRERAS, FRANCISCO xxx-xx-xxxx | | Hours | - | - | 15.00 | 37.50 | - | - | - | - | - | - | - | - | 52.50 |
| | | Gross $ | $ - | $ - | $ 528.00 | $ 1,320.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,848.00 |
| ESPINOZA, IGNACIO xxx-xx-xxxx | # | Hours | - | - | 200.50 | 40.00 | - | - | - | - | - | - | - | - | 240.50 |
| | | Gross $ | $ - | $ - | $ 7,057.60 | $ 1,408.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 8,485.00 |
| GALLEGOS, MIGUEL xxx-xx-xxxx | | Hours | - | - | 70.00 | 8.00 | - | - | - | - | - | - | - | - | 78.00 |
| | | Gross $ | $ - | $ - | $ 2,464.00 | $ 281.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,745.00 |
| MADRIGAL, FELIPE xxx-xx-xxxx | ## | Hours | - | - | 221.00 | 16.00 | - | - | - | - | - | - | - | - | 237.00 |
| | | Gross $ | $ - | $ - | $ 7,779.20 | $ 563.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 8,342.40 |
| OREGEL, ISRAEL xxx-xx-xxxx | ## | Hours | - | - | 209.50 | 8.00 | - | - | - | - | - | - | - | - | 217.50 |
| | | Gross $ | $ - | $ - | $ 7,374.40 | $ 281.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7,656.00 |
| OSEGUERA, CARLOS xxx-xx-xxxx | # | Hours | - | - | 160.50 | 53.50 | - | - | - | - | - | - | - | - | 214.00 |
| | | Gross $ | $ - | $ - | $ 5,649.60 | $ 1,883.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7,532.80 |
| VILLAFAN, JOSE xxx-xx-xxxx | ## | Hours | - | - | 251.00 | 45.50 | - | - | - | - | - | - | - | - | 296.50 |
| | | Gross $ | $ - | $ - | $ 7,779.20 | $ 1,601.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 9,380.80 |

| | Jun | Jul | Aug (DA) | Sep (WD) | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **TOTAL HOURS** | - | - | 1,694.00 | 315.50 | - | - | - | - | - | - | - | - | 2,009.50 |
| **TOTAL GROSS $** | $ - | $ - | $ 59,628.80 | $ 11,105.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 70,734.40 |

**Amount Due To Funds:**

| | Jun | Jul | Aug (DA) | Sep (WD) | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ 21,848.32 | $ 4,502.99 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 25,681.41 |
| PENSION | $ - | $ - | $ 15,278.88 | $ 2,846.81 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 18,125.69 |
| TRAINING | $ - | $ - | $ 847.00 | $ 157.75 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,004.75 |
| CCA/AAF | $ - | $ - | $ 118.58 | $ 22.09 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 140.67 |
| LECET | $ - | $ - | $ 135.52 | $ 25.24 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 160.76 |
| LMCC | $ - | $ - | $ 203.28 | $ 37.98 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 205.26 |
| DUES | $ - | $ - | $ 1,937.94 | $ 360.33 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,298.81 |
| TOTAL | $ - | $ - | $ 40,171.52 | $ 7,481.77 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 47,655.29 |

**Rates:**

| | 6/1/12 | to | 5/1/13 |
|---|---|---|---|
| WELFARE | 12.78 | LECET | 0.08 |
| PENSION | 9.01 | CCA/AAF | 0.12 |
| TRAINING | 0.50 | LMCC | 0.50 |
| DUES | 0.97 | DUES | 3.25% |

5/7/2013
ARD

LABORERS' DISTRICT COUNCIL OF CHICAGO - *CCA ASSOCIATION RATES

MIDWEST BRICK PAVING INC.    # 33938

RICHARD J. WOLF AND COMPANY, INC.

SUMMARY REPORT TOTAL

| | ADDITIONAL | UNREPORTED | TOTAL |
|---|---|---|---|
| WELFARE | $ 99,488.81 | $ - | $ 99,488.81 |
| PENSION | $ 73,829.80 | $ - | $ 73,829.80 |
| TRAINING | $ 3,879.82 | $ - | $ 3,879.82 |
| CCA/IAF | $ 494.32 | $ - | $ 494.32 |
| LECET | $ 564.92 | $ - | $ 564.92 |
| LMCC | $ 847.38 | $ - | $ 847.38 |
| DUES | $ 7,289.39 | $ - | $ 7,289.39 |
| TOTAL | $ 186,394.44 | $ - | $ 186,394.44 |

LABORERS' DISTRICT COUNCIL OF CHICAGO - *CCA ASSOCIATION RATES

MIDWEST BRICK PAVING INC.    # 33938

RICHARD J. WOLF AND COMPANY, INC.

** GRAND TOTAL **

| | | |
|---|---|---|
| WELFARE | $ | 99,488.81 |
| PENSION | $ | 73,829.80 |
| TRAINING | $ | 3,879.82 |
| CCA/IAF | $ | 494.32 |
| LECET | $ | 564.92 |
| LMCC | $ | 847.38 |
| DUES | $ | 7,289.39 |
| TOTAL | $ | 186,394.44 |

# RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 591
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910



May 7, 2013

Board of Trustees of the Various
Fringe Benefit Funds of the
Laborers Pension & Welfare Funds

RE: Midwest Brick Paving Inc. (33928)

Amount due for services rendered and expenses incurred in connection with the
fringe benefit contribution compliance audit of Midwest Brick Paving Inc., for the
period from June 1, 2010 through September 30, 2012.

Audit Cost          $1,260.00

RICHARD J. WOLF AND COMPANY, INC.

5/9/2013

# LABORERS' PENSION & WELFARE FUNDS

AUDIT: 6-1-2010-9-30-2012

EMPLOYER: MIDWEST BRICK PAVING INC    CODE 33938

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CCA | RATE | LECET | RATE | LECET | RATE | IAF | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ADDITIONAL HOURS** | | | | | | | | | | | | | | | | | | | | | |
| 6-1-2010-5-31-2011 | 2,587.50 | 27,505.13 | 10.63 | 22,174.88 | 8.57 | 1,164.38 | 0.45 | 2,504.70 | 310.50 | 0.12 | 181.13 | 0.07 | 207.00 | 0.08 | | | | | | | 54,047.72 |
| 6-1-2011-5-31-2012 | 2,468.00 | 30,060.24 | 12.18 | 21,767.76 | 8.82 | 1,110.60 | 0.45 | 1,094.81 | 135.72 | 0.12 | 79.17 | 0.07 | 90.48 | 0.08 | | | | | | | 52,938.60 |
| 6-1-2011-5-31-2012 | 1,443.20 | | | | | | | | | | | | | | | | | | | | 1,400.18 |
| 6-1-2011-5-31-2012 | 1,333.50 | 16,242.03 | 12.18 | 11,761.47 | 8.82 | 600.08 | 0.45 | 1,391.01 | 150.02 | 0.12 | 53.35 | 0.07 | 106.68 | 0.08 | | | | | | | 30,354.04 |
| 6-1-2012-9-30-2012 | 3,009.50 | 35,681.41 | 12.78 | 18,125.69 | 9.02 | 1,004.75 | 0.50 | 2,398.87 | 241.14 | 0.12 | 140.57 | 0.07 | 160.76 | 0.08 | | | | | | | 47,653.29 |
| MEM MGT REPORTED | | | | | | | | | | | | | | | | | | | | | |
| **SUBTOTAL** | 9,841.70 | 99,488.81 | | 73,829.80 | | 3,879.81 | | 7,289.39 | 847.38 | | 494.32 | | 564.92 | | | | | | | | 186,394.43 |
| 10% PENALTIES | | | | | | | | 728.94 | 84.74 | | | | 56.49 | | | | | | | | 870.17 |
| 20% PENALTIES | | 19,897.76 | | 14,765.96 | | 775.96 | | | | | 98.86 | | | | | | | | | | 35,538.54 |
| AUDIT COSTS | | 630.00 | | 630.00 | | | | | | | | | | | | | | | | | 1,260.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | 2,518.99 | | | | | | | | | | | | | | | | | | | 2,518.99 |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | | | | | |
| **TOTAL DUE** | | 122,535.56 | | 89,225.76 | | 4,655.77 | | 8,018.33 | 932.12 | | 593.18 | | 621.41 | | | | | | | | 226,582.13 |



EXHIBIT C